## McMichael *v.* McFalls, Appellant.

*Landlord and tenant—Bond—Set-off—Res adjudicata—Act of April 3, 1830, P. L. 187.*

In an action upon a bond given by a tenant to a landlord on an appeal from a judgment of a justice of the peace secured by the landlord under the Act of April 3, 1830, P. L. 187, by which he is awarded possession of the leased premises, the tenant may set off counterclaims against the rent demanded, inasmuch as no such set-off could have been claimed in the proceedings before the magistrate, which were merely for the possession of the property. In such a case the judgment of the common pleas affirming the judgment of the justice is not res adjudicata as to the matters of set-off.

Argued Nov. 13, 1902.    Appeal, No. 150, Oct. T., 1902, by defendants, from order of C. P. Lancaster Co., Dec. T., 1901, No. 14, making absolute rule for judgment for want of a sufficient affidavit of defense in case of Thomas L. McMichael v. Charles McFalls and H. S. McFalls.    Before BEAVER, ORLADY, W. W. PORTER and W. D. PORTER, JJ.    Reversed.

Assumpsit on a bond.

From the record it appears that the plaintiff recovered a judgment against the defendants in proceedings under the Act of April 3, 1830, P. L. 187, to recover possession of premises leased to

the defendants. The judgment recovered was "that the premises shall be delivered up to the lessor." Subsequently the defendants took an appeal, entering a bond as follows: "We, Charles McFalls, defendant, and H. S. McFalls, bail. I, H. S. McFalls, am held in five hundred dollars as absolute security, conditioned for the payment of all costs that have or may accrue in case this judgment shall be affirmed, and also for the payment of all rent that has accrued or may accrue up to the time of final judgment."

At the trial of the appeal a judgment and verdict was rendered in favor of the plaintiff. The defendant, Charles McFalls, was dispossessed. The present suit was then brought upon the above bond. The affidavit of defense of H. S. McFalls was in part as follows:

"Defendant, H. S. McFalls, alleges that he is not indebted to the plaintiff in the sum of $333.28 with interest from April 1, 1899, on a bond purporting to have been executed on December 12, 1898, as set forth in plaintiff's statement, but above plaintiff is indebted to him in the sum of $60.00 with interest from December 6, 1897, and $252.86 with interest from March 18, 1899, as follows: Said plaintiff purchased a package delivery route from said Charles McFalls, December 6, 1897, for the sum of $185, paid thereon eo die $125, leaving a balance due thereon of $60.00 with interest from December 6, 1897, and said plaintiff boarded his horses from July 29, 1897, to March 18, 1899, at the stables of Charles McFalls, 40 and 42 South Christian street, Lancaster, Pa., for which he is indebted to said Charles McFalls on a book account in the sum of $252.86, with interest from March 18, 1898. That on February 14, 1902, said book account of said Charles McFalls was assigned, transferred and set over to the said H. S. McFalls for a good and valuable consideration, a copy of which book account and assignment is attached to and made part of this affidavit of defense; whereby said plaintiff is indebted to said affiant, H. S. McFalls, in the sum of $60.00, with interest from December 6, 1897, and $252.86, with interest from March 18, 1899, due upon aforesaid book account, wherefor your affiant prays judgment; that he is not indebted to plaintiff in the sum of $333.28, with interest from April 1, 1899, or in any sum whatsoever, but that plaintiff is indebted to him and refuses to

pay him the sum of $60.00 with interest from December 6, 1897, and $252.86 with interest from March 18, 1899."

*Error assigned* was order making absolute rule for judgment for want of a sufficient affidavit of defense.

*C. E. Montgomery*, for appellant, cited: Hazen v. Culbertson, 10 W. 395.

*E. M. Gilbert*, for appellee.

OPINION BY BEAVER, J., October 5, 1903:

Upon the face of the record the affidavits of defense filed in this case, as intimated in the opinion of the court below, are undoubtedly good to the extent of the set-off specifically set up as a defense to the claim for rent sought to be recovered by the plaintiff. Judge LANDIS, in his opinion, says: "Ordinarily this might be a good defense, and no judgment could, perhaps, be entered by reason thereof; but the record shows that, in the original suit, the same defense of set-off, embracing the same items, was offered by Charles McFalls, and, after a full hearing, the jury disallowed them. It would be an anomaly, if in an original suit, a defendant could offer a defense, and that failing, upon a subsequent suit, arising upon an obligation to enforce the first judgment, legally offer the same defense and, perhaps, succeed in thus bringing about the entry of two different judgments upon the same state of facts."

The court we think fell into error as to the character of the different suits. The bond upon which the present suit was based was not an obligation to enforce the first judgment. The ground upon which the decision of the court below rests is res adjudicata but, in order to sustain the plea or defense of res adjudicata, there must not only be the identity of parties but an identity in the issue or subject-matter involved, and there must be a decision upon the merits. The original suit, as it is called by the court below, was a proceeding before an alderman to obtain possession of the premises occupied by one of the defendants as a livery stable. The issue there was not the question of the amount of rent which might be in arrears. The plaintiff was entitled to judgment not that he recover the rent but that

he recover the possession of the property, the judgment provided for in the Act of April 3, 1830, P. L. 187, being one against the lessees " that the premises shall be delivered up to the lessor." It is further provided in the said act, " That no writ of possession shall be issued by the said alderman or justices for five days after .the rendition of judgment and, if within the said five days the said tenant shall give good, sufficient and absolute security by recognizance for all costs that may have or may accrue, in case the judgment shall be affirmed, and also for all rent that has accrued or may accrue up to the time of final judgment, then the tenant shall be entitled to an appeal to the next court of common pleas, which appeal shall be then tried in the same manner that other suits are tried."

There was an appeal in this case and a trial in the common pleas but the issue therein was the same as that before the justice, namely, the right of the plaintiff to the possession of the property, and this he would have been entitled to if the rent in arrear were but $1.00.

On what ground does the court below say that the set-off of the defendant was disallowed by the jury ? It may have been the opinion of the jury that the amount of the set-off was not equal to the amount of the rent, in which event judgment would necessarily be given for the plaintiff. The issue in the first suit, therefore, was not what is the amount of rent in arrear, but is there any rent in arrear? Not how much does the defendant owe the plaintiff but is the plaintiff entitled to possession of the premises occupied by the defendant, because of the arrears of rent? The bond upon which the plaintiff sues is conditioned for the payment of " all costs that have or may accrue in case this judgment shall be affirmed and also for the payment of all rent that has accrued or may accrue up to the time of final judgment."

What .was the amount of this rent and of the costs in the former suit? This is the question to be determined in the present suit. The defendant's set-off, which has never been offered as such for the purpose of determining the amount of rent, is surely available for such a determination and he should have the opportunity of using it for the purpose of reducing the amount of rent and costs claimed by the plaintiff. The doctrine of res adjudicata, as stated by Mr. Justice HARLAN,

in Southern Pacific R. R. Co. v. U. S., 168 U. S. 1, at page 41, is : " The general principle announced in numerous cases is that a right, question or fact, distinctly put in issue and directly determined by a court of competent jurisdiction, as a ground of recovery, cannot be disputed in a subsequent suit between the same parties or their privies ; and, even if the second suit is for a different cause of action, the right, question or fact once so determined must, as between the same parties or their privies, be taken as conclusively established so long as the judgment in the first suit remains unmodified. This general rule is demanded by the very object for which civil courts have been established, which is to secure the peace and repose of society by the settlement of matters capable of judicial determination. Its enforcement is essential to the maintenance of social order; for the aid of judicial tribunals would not be invoked for the vindication of rights of person and property if, as between parties and their privies, conclusiveness did not attend the judgments of such tribunals in respect of all matters properly put in issue and actually determined by them." The decision, however, must be as to matters properly put in issue and actually determined. So far as this record shows, there has never been a trial as to the amount of rent due from the defendant to the plaintiff. The previous suit simply determined the right of the plaintiff to the possession of his property. We think, therefore, that, the affidavits being good upon their face, a question of fact is raised which has never been determined, as to the amount of rent due from the defendant to the plaintiff. The amount of the set-off does not seem to equal the amount of the rent due. For the differ- ence judgment might properly be awarded and this fact would seem to be abundant justification for the judgment in the previous case.

Judgment reversed and a procedendo awarded, with permis- sion to the plaintiff to move in the court below for judgment for the difference between the amount claimed to be due in the plaintiff's statement and the amount of the set-offs claimed by the defendant.